## Pritchett, et al. v. Kentucky Bank & Trust Company.

(Decided February 25, 1919.)

### Appeal from Hopkins Circuit Court.

1. Bills and Notes—Validity of Assignment—What Law Governs.— The validity of the assignment of a note must be determined by the law of the state where the assignment is made.

2. Fraudulent Conveyances—Bills and Notes—Fraudulent Assignment—Evidence—Sufficiency.—In an action to set aside the assignment of a note by the payees to the wife of one of the payees, evidence examined and held to support the finding of the chancellor that the assignment was in fraud of creditors.

LEE GIBSON and J. A. JONSON for appellants.

GORDON, GORDON & MOORE and WILLIAM J. COX for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This suit was brought by the Kentucky Bank & Trust Company against T. W. Pritchett, C. W. Pritchett, W. H. Pritchett and Martha Arnold Pritchett and others to set aside, as in fraud of creditors, the transfer of a note for $1,750.00, executed by Martin & McKennon to W. H. Pritchett and C. W. Pritchett on January 17, 1910, and assigned by them to Martha Arnold Pritchett on February 15, 1910. The chancellor granted the relief prayed for and the defendants, T. W. Pritchett, C. W. Pritchett, W. H. Pritchett and Martha Arnold Pritchett, appeal.

The facts out of which the litigation grows are, in brief, as follows: W. H. Pritchett and C. W. Pritchett are sons of T. W. Pritchett. On August 12, 1908, they and their father executed and delivered to W. J. Rhdy, who assigned them to the Kentucky Bank & Trust Company, their three promissory notes for $1,830.00, $1,835.00 and $1,835.00, due in twelve, fourteen and thirty-six months, which were secured by a mortgage on certain real estate owned by T. W. Pritchett in the city of Madisonville, Ky. A portion of this money was used to erect and equip a steam laundry plant in Chickasha, Oklahoma. The remainder of the money represented by the notes had been previously borrowed by W. H. Pritchett from W. J. Ruby.

On January 17, 1910, W. H. Pritchett and wife, Martha Arnold Pritchett, and C. W. Pritchett, sold their laundry plant, but not the real estate, to Martin & McKennon, of Chickasha, Oklahoma, for the price of $10,500.00. Of this sum, $7.000.00 was paid in cash, and two notes for $1,750.00 each executed for the balance. One of these notes, which was payable in eighteen months after date, is the one in controversy.

On February 15, 1910, W. H. Pritchett and wife, and C. W. Pritchett, conveyed the lot and building in Chickasha, Oklahoma, in which the laundry plant was conducted, to T. W. Pritchett for $1.00 and other good and valuable consideration, subject to a mortgage thereon for $3,500.00. On the same day, T. W. Pritchett conveyed the same property to Martha Arnold Pritchett in consideration of love and affection and services theretofore rendered him in sickness, in his old and declining years. On the same day, the Martin & McKennon note for $1,750.00 was assigned by C. W. Pritchett and W. H. Pritchett to Martha Arnold Pritchett, by the following endorsement:

"For value received, we hereby sell, assign and transfer the within note to Martha Arnold Pritchett, this 15th day of February, 1910."

In the month of June, 1910, the Kentucky Bank & Trust Company brought suit to recover on the three notes executed by T. W. Pritchett, C. W. Pritchett and W. H. Pritchett, and to enforce the mortgage lien on the property of T. W. Pritchett. The property was sold, and the bank became the purchaser at the price of $4,000.00. After this sum was credited on the notes there was left an indebtedness of about $2,375.00. For

the remainder of the judgment, execution was issued and returned no property found.

On June 23, 1910, W. H. Pritchett filed, in the United States District Court for the Western District of Kentucky, his voluntary petition in bankruptcy. He was duly adjudged a bankrupt and given his discharge.

On April 4, 1912, the present action was instituted. The basis of the defense is, that the note was transferred from W. H. Pritchett and C. W. Pritchett to their father to discharge their indebtedness to him, and by their father to Martha Arnold Pritchett, to discharge his indebtedness to her; that at most the transaction was merely a fraudulent preference, and not having been attacked within six months cannot now be set aside.

We deem it unnecessary to detail the evidence, which is quite voluminous. It is clear that the assignment of the note in question was made in Kentucky, and the validity of the assignment must be determined by the law of this state. The evidence for the defendants is that W. H. Pritchett and C. W. Pritchett were indebted to their father, T. W. Pritchett, and conveyed to him the Oklahoma real estate, and also turned over to him the note in question, to pay their indebtedness to him, and that the real estate was then conveyed to Martha Arnold Pritchett, and the note in question assigned to her at the direction of T. W. Pritchett, in consideration of both past and future support. It must be remembered, however, that T. W. Pritchett, as well as his sons, was indebted to plaintiff. It is conclusively shown that W. H. Pritchett consulted an attorney with the view of devising a plan by which to place his property beyond the reach of creditors. A careful reading of the deposition of T. W. Pritchett shows that he knew practically nothing about the transaction, and that he was used as a mere dummy for the purpose of transferring the title to Martha Arnold Pritchett. While the real estate was conveyed to T. W. Pritchett and then reconveyed by him on the same day to Martha Arnold Pritchett, not even this formality was observed in the assignment of the note. The note was never transferred to T. W. Pritchett, but was assigned directly by the payees to Martha Arnold Pritchett.

Indeed, the evidence that T. W. Pritchett ever had possession of the note, or accepted it in payment of any indebtedness to him, or that the assignment by the payees to Martha Arnold Pritchett was made at his

direction is by no means satisfactory. Furthermore, the evidence that T. W. Pritchett had ever been dependent upon Martha Arnold Pritchett for support is not persuasive On the contrary, he seems to have been the one who owned all the property and was the mainstay of his sons and his daughter-in-law, and if there was any liability on either side, it was in his favor rather than in favor of his daughter-in-law. In a case like this, the courts will look at the substance and not the form of the transaction, and where all the circumstances show that the purpose of the parties was to place their property beyond the reach of their creditors, and that this was the effect of the plan adopted, the transaction will not be permited to stand unless the evidence of the good faith of the parties is more satisfactory than that presented in this record. We therefore conclude that the assignment of the note was without consideration, and that this fact was known to Martha Arnold Pritchett. Hence it follows that the transaction was a fraud on the creditors and that the chancellor did not err in so holding.

Judgment affirmed.